STATE, Relator-Appellant, v. McINTYRE et, Respondents-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4390.   Decided September 21, 1951.

Richard C. Gerken, Logan, for relator-appellant.
Hon. C. William O'Neill, Atty. Genl., Louis E. Evans, Asst. Atty. Genl., Columbus, for respondents-appellees.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court, denying the relator a writ of mandamus. The petition, after setting forth the capacity of the various defendants, alleges that at the time complained of hereafter the relator was employed under the classified Civil Service laws of Ohio in the Division of Aid for the Aged in the Department of Public Welfare, State of Ohio, as Examiner, Grade 3; that on February 25, 1949, the relator was informed orally by respondent Marion W. McIntrye, Chief of the Division, that his position was to be discontinued; that the said Marion W. McIntyre did not at any time furnish him with reasons for the said purported removal, nor were any charges filed with the respondents as the Civil Service Commission of Ohio; that the relator was not given reasonable time or opportunity to make and file an explanation to said charges; that said purported removal was arbitrary, void and of no effect.

The petition alleges further that the respondents, Carl W. Smith and Gertrude Jones, as Civil Service Commissioners of

Ohio, have removed the relator's name from the classified Civil Service employees' list and that said act is arbitrary, void and of no effect.

The answer of the respondents, after admitting their various capacities, sets forth that the position formerly held by the relator in the Division of Aid for the Aged was abolished in good faith and for the sole purpose of effecting economy and eliminating the duplication of work; that economy to the extent of relator's salary has been effected by such abolishment; that no person has been appointed to fill the position formerly held by the relator; that such duties as relator formerly performed are not now being performed.

And further answering respondents deny each and every allegation contained in relator's petition not herein specifically admitted to be true.

The reply of the relator denies that the position was abolished for the reasons set forth in the answer; denies that it was abolished and denies that such duties as the relator formerly performed are now being performed as alleged in said answer.

The errors assigned may be epitomized as follows:

1. The judgment is contrary to the evidence; not supported by the evidence and contrary to law.

2. That the court erred in the admission and rejection of evidence.

The trial court found, and we think properly so, that the evidence disclosed that the position held by the relator was abolished in good faith for the purpose of economy and to avoid duplication of work and that the position has not subsequently been reestablished.

It is contended by the appellant that since the respondent McIntrye did not make a formal entry concerning the abolishment of the position, that there was no abolishment. We know of no authority and we are cited none which requires the abolishment of a position in the Civil Service to be in any particular form. The statutes, rules and regulations of the Civil Service Commission make frequent reference to the abolishment of positions. However, there are no statutory requirements nor rules and regulations of the State Commission which require a formal procedure of abolishment. The Supreme Court of Ohio in the case of **State, ex rel. Stine v. McCaw, 137 Oh St 13**, established the test upon which such a question of fact must be resolved. Syllabi 1 and 2 provide:

"1. The power to create a position in the civil service includes the power to abolish the position, particularly where

the purpose of the abolishment of such position is that of economy or improvement in the public service.

"2. Where there is a substantial merger of two positions for ▉ the purpose of economy with no proof of ulterior motive or purpose on the part of the employing officer, or discrimination upon political, religious or other improper grounds, a writ of mandamus will not be granted to require reinstatement of an employee discharged as a result of such merger."

The facts in the instant case developed at the trial show that the relator and five others similarly situated and working as Field Examiners under Civil Service classification were notified by the respondent McIntyre that their services were to be discontinued, as being a duplication of work done by Field Representatives and they were asked to resign. Some of the men did resign but relator refused to do so. The record reveals further that no one was put in the place of the said Field Examiners but that the same work which they had been doing was carried on by Field Representatives as before. The record reveals further that the position held by the relator was abolished in good faith for the purpose of economy and to avoid duplication of work, and that the position has not subsequently been reestablished. In the absence of a procedure established by statute or by rules and regulations of the Civil Service Commission there is no duty upon the respondents to take any method of abolishing the position. The procedure set forth in the Civil Service laws for the removal of an employee for misconduct upon the part of such employee has no application when the position is abolished.

We find that the Court did not err in the admission of evidence over objections of the appellant and neither did it do so in refusing to admit evidence offered by the relator.

It will be noted that the judgment finds only "* * * that the relator is not entitled to the writ of mandamus compelling his restoration to his former position."

This, however, is not a complete disposition of the case, since there is no determination of the action against the members of the Civil Service Commission. There are no facts supporting the letter to the Commission, that the relator's name should be removed from the eligible list for failing to report for work. There was no failure in this respect since the relator's position had been abolished. Under such a circumstance the relator was entitled to and it was the duty of the Commission to place his name at the head of the appropriate eligible list. See §486-16 GC. The writ will be allowed commanding the members of the Civil Service Commission who are respondents herein, to restore the relator's name to the appro-

priate eligible list as of the date of the abolishment of his former position.

Finding no error in the record the judgment of the Common Pleas Court is affirmed as modified.

HORNBECK, PJ, WISEMAN, J, concur.